No. **086-15 + 087-15**

ORIGINAL

Troy Lee Parkins

§

v.

§

The state of Texas

§

§

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

FILED IN
COURT OF CRIMINAL APPEALS

JAN 23 2015

Abel Acosta, Clerk

---

## APPELLANT'S ORIGINAL PETITION FOR DISCRETIONARY REVIEW OF Fifth District Court of Appeals Judgement

---

TO THE HONORABLE JUSTICES OF COURT OF CRIMINAL APPEALS=

Comes Now; Troy Lee Parkins, TDCJ No. 1480826; Whom respectfully begs this COURT for its time and consideration, in this "Petition for Discretionary Review" of the Fifth District Court of Appeals of Dallas, Texas' Judgement; on 10 December 2014; a Dismissal for want of jurisdiction —

This Appeal was to the 282ⁿᵈ Judicial District Court of Dallas county, Texas; cause no.s for appellate court 05-14-01546/01547-CR ~

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 05 2015

Abel Acosta, Clerk

# REVIEW

    IN this Appellant's many attempts to get his rightfully entitled appeal; the 5ᵗʰ District has used claims that, I am trying for "out-of-time, habeas corpus, and that I did not appeal in time". The 5ᵗʰ District makes claims that I did not claim; such as the out-of-time and habeas corpus claims ~ They, also, cause a claim and judgement that "the appellant" did not come to appeal in time ~

    Whereas; the 5ᵗʰ District assertion of this, is incorrect ~ If a proper review were done on this; one would find that: appellant's trial counsel claimed there would be "no appeal"; and, not the defendant ~ Also; not knowing anything about an appeal or its time limits; the defendant was taken from jail; days before expiration of appeal notice time limits were up; and, sent to a prison unit, with no opportunities or availabilities to him ~

    Also; the 5ᵗʰ District causes judgement upon a matter; thats debateable; without the appellant's

Opportunity to defend his right. This is a denial of due process.

## ARGUEMENT

IN all the Appeal Notice's before; there has been misinterpretation of Appellent's claims for the appeal.

Now; the 5th District claims Appellant's "Appeal and MOTION FOR NEW TRIAL" is a "request for habeas corpus; and, that appellant's notice for appeal is untimely. From the very beginning of Mr. Perkins' Right; this 5th District has put off a rightfully entitled appeal; as, the Texas Code of Criminal Procedure, articles 44.02 - Defendant may Appeal, and article 44.07 - Right of Appeal not abridged - So; If nothing can prevent or "stand in the way" of defendant's Appeal; see Texas Rules of Civil Procedure, Rule 53; which means all the defendant had to do was recite the title of his request for Appeal; yet, the 5th District Court of Appeals thinks itself higher than the laws of Texas.

Whereas; the 5th District, consistently, causes a claim, for appellent, to dismiss appellant's action.

Now; this dismissal has included "the notice of appeal is untimely.

## Summary with Law

The Appeal that this defendant is concerned with; is a Texas appeal — And; as such, defendant will try to stay with the laws that the Texas legislature has made.

1) It dosen't matter how many different ways that is claimed, for an appeal; Defendant claims 'Notice of Appeal' - See, Tanguma v. State, 47 SW3d 663, at 677 [27]... it is the responsibility of the an appellate court to determine whether a trial error --- — O'Neel, 513 U.S. at 437, 115 S. Ct. 992 — T.R.A.P., Rule 44.2 (b) — we hold that it is the responsibility of the appellate court to assess harm after reviewing the record ---

Whereas; Texas Code of Criminal Procedure, articles 44.02 - Defendant may appeal; and, article 44.07 - Right of Appeal not abridged — * THIS IS THE EXACT PART OF THE LAW WHERE THE TEXAS LEGISLATURE HAS STATED THAT AN APPEAL IS A RIGHT— * AND; Nothing shall abridge this right — Estrada v. State, 149 SW3d 280, at 284 [3,4]... "The right to appeal a criminal conviction is a substantive right solely within the province of the Legislature —" Lyon v. State, 872 SW2d at 734 — * once appellate review is afforded by the Legislature, it cannot be duly restricted — In re Q.W.J., 331 SW3d 9 (2010)

2) In a more recent decision; we find In re J.K.F, 345 sw3d 706; and Mexfield v. Terry, 888 sw2d 809 - Where; Rules of Appellate Procedure will be construed reasonebly but liberally, when possible, so that right to appeal is not lost by creating requirement not absolutely necessary from literal words of rule - Rules App. Proc., Rule 1 et seq. Which; this is the first rule; and T.R.A.P., Rule 25.2 conflicts with the first rule of T.R.A.P. and the Texas Legisletures rules and law -

3) Court of Appeals, consistently, claims that they have no jurisdiction over defendant's Appeal, that he filed - Campos v. State, 818 sw2d 872 - States: Once notice of appeal has been filed in case, Court of Appeals has obtained jurisdiction over that cause -

## CONCLUSION

So long as this defendant is Kept out of the appeals court; he will not be permitted to show the appellate court, the fundamental miscarriage of justice that was done to the defendant - And; the appellate court seems to be doing an exceptionelly good job at hiding the 282nd Judicial District Courts errors -

## PRAYER

This Appellant PRAYS that this COURT OF CRIMINAL APPEALS OF TEXAS grant this "Petition for Discretionary Review"; and ORDER THE 5th District Court of Appeals, of Dallas, Texas to take and fully hear this appellant's appeal:

Executed this 20th day of December, 2014 —

Respectfully Submitted,

Troy Lee Perkins, #1480826
Petitioner pro se

## INMATES DECLARATION

I, Troy Lee Perkins, #1480826, do hereby DECLARE, under penalty of perjury, that everything in this "Petition for Discretionary Review"; including the attached opinion for 5th Dist. cause No.s 05-14-01546/01547-CR, is TRUE AND CORRECT, to the best of my belief —

Sign _____

Troy Lee Perkins, #1480826
DECLARANT sayeth so

ORIG: COURT OF CRIMINAL APPEALS OF TEXAS
CC: file

Dismissed and Opinion Filed December 10, 2014.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-01546-CR
No. 05-14-01547-CR

TROY LEE PERKINS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court
Dallas County, Texas
Trial Court Cause Nos. F07-71970-S, F07-71990-S

## MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Myers

Troy Lee Perkins was convicted of aggravated robbery and sentenced to twelve years' imprisonment in each case. Sentence was imposed in open court on January 7, 2008, and appellant did not appeal at that time. The Court now has before it appellant's "notice of appeal and motion for new trial." In the notice, appellant does not assert that any new appealable orders have been entered since his conviction and sentencing. Rather, he challenges the proceedings out of which his conviction arose and also references article 11.07, the post-conviction habeas corpus provisions in the Texas Code of Criminal Procedure.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.*

at 523. To invoke the Court's jurisdiction, an appellant must file his notice of appeal within the time period provided by the rules of appellate procedure. *See id.*; *see also Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam).

This Court has no jurisdiction over post-conviction habeas corpus proceedings brought under article 11.07. *See* TEX. CODE CRIM. P. ANN. arts. 11.05, 11.07 (West 2005 & Supp. 2014); *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483–84 (Tex. Crim. App. 1995) (orig. proceeding) (per curiam).

Moreover, appellant's December 1, 2014 notice of appeal is untimely as to the January 7, 2008 sentencing date. *See* TEX. R. APP. P. 26.2(a)(1); *Slaton*, 981 S.W.2d at 210.

We dismiss the appeals for want of jurisdiction.

_____
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
141546F.U05

-2-